**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **Securities and Exchange Commission,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 4:07 CV 00379 RWS |
| | ) |
| **Matthew E. Kopsky and Ronald W. Davis,** | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFF'S MOTION TO UNSEAL DEFENDANT DAVIS'
MOTION FOR SUMMARY JUDGMENT AND RELATED PLEADINGS**

Plaintiff United States Securities and Exchange Commission ("the Commission"), for its motion to unseal Defendant Davis' Motion for Summary Judgment and related pleadings, states as follows:

The United State Supreme Court has recognized the existence of a common-law right of access to judicial proceedings, which includes a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, 435 U.S. 589, 597 (1978) (citations omitted). "'[O]nly the most compelling reasons can justify non-disclosure of judicial records.'"[1] In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006). Accordingly, a litigant must show that restricting the public's right of access serves a compelling *governmental* interest. Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004); SEC v. Shanahan, No. 4:06-MC-546-CAS, 2006 U.S. Dist.

---

[1] If a court exercises its discretion to seal evidence or documents, it should make "specific findings regarding the necessity of such a step." Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004) (citations) (preserving security in correctional facility and identities of confidential informants justified sealing "minor portion" of court record *after* it was determined that redaction would be insufficient to protect prison security and informant safety).

LEXIS 83209, at *11 (E.D. Mo. Nov. 15, 2006) (denying motion to file under seal because movants, who refused to testify during SEC investigation, had only a private interest in keeping their names out of public record).

In order to justify sealing a case file, the interest to be protected must be compelling, such as preserving the secrecy of grand jury testimony or pre-indictment warrant information, or the need to prevent court records from being used for improper purposes such as gratifying private spite, promoting public scandal, circulating libelous statements, or releasing trade secrets. Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (affirming order to unseal pleadings and exhibits in whistleblower's civil rights case against police department).

Here, Davis has not attempted to identify a compelling, government interest in preventing the public from reading his summary judgment motion, memorandum of law and supporting exhibits. Instead, Davis explains only that his memorandum and supporting exhibits contain "private information" regarding certain brokerage clients of Matthew Kopsky which "may be subject to protection from disclosure by federal privacy regulations," and "personal and private information relating to [Kopsky's personal] finances and stock holdings". (Docket No. 73, Motion to Seal at ¶ 3)

Now that counsel for the Commission has reviewed Davis' summary judgment papers, it is apparent that Davis' request to file under seal is too broad and overly restrictive. Certain portions of Davis' legal memorandum and exhibits do refer to Kopsky's prior testimony estimating the account balances maintained by brokerage clients who were ESSI executives. Accordingly, the Commission would not object if Davis wished to file a substitute legal memorandum, redacted to remove references to the

account balances of Kopsky's brokerage clients.[2]

Davis' reference to personal financial information relating to Kopsky's finances, stock holdings, and stock transactions should not be sealed from the public record. As is apparent from Davis' memorandum of law, this information is fundamental to the Commission's claims of insider trading, and to Davis' and Kopsky's defenses. Indeed, Kopsky has retained an expert to opine on Kopsky's finances during 2003, and Davis has retained an expert who opines on Kopsky's other trading relative to his trading in ESSI during 2003. Therefore, it is inevitable and unavoidable that Kopsky's financial information will become part of the public record. In fact, most of Kopsky's financial information in Davis' filings is contained in the *defendants*' experts' reports.

In situations where inclusion of financial information in court filings is necessary, Local Rule 2.17 provides only for limited redactions from the documents to remove personal identifiers, not for the sealing of the entire file. Davis has already redacted all personal identifiers and additional financial information from Kopsky's account statements. (Docket No. 75 # 15, Ex. N to Davis Motion for Summary Judgment) Davis could easily make similar redactions of personal identifiers from Davis' and Kopsky's experts' reports.

It does not appear necessary or appropriate to seal Davis' motion, legal memorandum or supporting exhibits from the public view, as there is no compelling governmental interest present here. There is no reason to confer special privacy privileges upon Davis and Kopsky that are not available to other litigants in the federal

---

[2] This compromise approach would be more protective of the interests of third parties than Local Rule 2.17, which simply requires the redaction of "personal data identifiers," defined as social security numbers, names of minor children, dates of birth, financial account numbers and home addresses.

3

courts.

Lastly, Davis has not suggested that the Commission should be required to file its response brief and related materials under seal. Nor has Davis suggested how the Court could resolve his summary judgment motion, in a written opinion, without disclosing Davis' legal arguments and the relevant facts of this case. As in the numerous other decisions in insider trading cases cited by Davis, parties' briefs and the Court's decision should not be sealed, but instead should remain part of the public record.

Wherefore, the United States Securities and Exchange Commission respectfully requests that this Court unseal the pleadings already filed by Davis, or order Davis to file redacted, replacement pleadings that redact references to the account balances of Matthew Kopsky's brokerage clients and any personal identifiers relating to Kopsky's personal accounts.

Dated: June 17, 2008.

            Respectfully submitted,

             **_/s/ Jeffrey A. Shank_**
            Robert M. Moye (IL Bar # 6225688)
            Jonathan S. Polish (IL Bar # 6237890)
            Jeffrey A. Shank (IL Bar # 6283981)
            Securities and Exchange Commission
            175 West Jackson Blvd, Suite 900
            Chicago, IL 60604
            Telephone: (312) 353-7390
            Fax: (312) 353 7398
            moyer@sec.gov; polishj@sec.gov; shankj@sec.gov

            *Attorneys for the Plaintiff, the United States*
            *Securities and Exchange Commission*

# **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on June 17, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon:

Richard B. Walsh, Jr.
R. Bradley Ziegler
Lewis, Rice & Fingersh, L.C.
rwalsh@lewisrice.com
bziegler@lewisrice.com

***Attorneys for Defendant, Matthew E. Kopsky***

David V. Capes
Jeffrey A. Cohen
David B. Cosgrove
Capes, Sokol, Goodman & Sarachan, P.C.
capes@lawstlouis.com
cohen@lawstlouis.com
cosgrove@lawstlouis.com

Steven J. Crimmins (admitted *pro hac vice*)
Thomas J. Hershenson (admitted *pro hac vice*)
Mayer, Brown LLP
scrimmins@mayerbrown.com
thershenson@mayerbrown.com

***Attorneys for Defendant, Ronald W. Davis***

　　　　　　　　　　　　　　　　　　　　___*/s/ Jeffrey A. Shank*___
　　　　　　　　　　　　　　　　　　　　　　Jeffrey A. Shank