IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Securities and Exchange Commission, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-cv-00379-RWS |
| | ) | |
| Matthew E. Kopsky and Ronald W. Davis, | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANT DAVIS' STATEMENT OF UNCONTROVERTED FACTS SUPPORTING MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 4.01(E), Defendant Ronald W. Davis provides this Statement of Uncontroverted Facts supporting his motion for summary judgment dismissing the Complaint.

1. Davis did not obtain any "pecuniary gain" from Defendant Matthew E. Kopsky in return for allegedly giving him information concerning ESSI. Davis did not share any portion of Kopsky's profit from trading ESSI securities. Davis likewise did not obtain what the Supreme Court in *Dirks* called a "reputational benefit that will translate into future earnings" from Kopsky. Nor did Davis make what *Dirks* called "a gift of confidential information" to the trader that "resemble[s] trading by the insider himself followed by a gift of the profits to the recipient." [*Dirks v. SEC*, 463 U.S. 646, 663-64 (1983)]

2. Kopsky's ties to ESSI sprang from Kopsky's long-term friendship with the company's founder, Chairman and CEO, Michael Shanahan, Sr. and his son, Michael Shanahan, Jr., an ESSI director. Kopsky was virtually a member of the Shanahan family.

Kopsky and Shanahan, Jr. were "high school classmates and very close friends," as well as "closely aligned" in business. Kopsky was "in that circle where ... you're kind of like family" to the Shanahans, with "very, very strong ... personal ties there." [Ex. A, Kreher Dep. 136-37] Kopsky's relationship with Davis, however, was a business relationship. [Ex. K, Virant Investigative Dep., 49-50]

2

**REDACTED**

REDACTED

6. On February 20, 2003, ESSI's Vice President - Investor Relations Dan Kreher sent an email to Ron Davis and other ESSI executives that transmitted a new research report about ESSI by a securities analyst at Sidoti & Company. In his cover email, Kreher made the following comments:

> "A fair assessment of ESSI by Sidoti based upon what we've told the Street so far. I think he will be pleasantly surprised by TAMSCO acquisition -- and its reasonable pricing --, our potential increase in top line and earnings guidance for 2003 -- even if much of the increase is attributable to Radian (second half of year mostly which should be considered internal growth) and when we see some momentum in sustainable new orders stemming from IRAQ and global military activity. I bet he may have a rating change after next Tuesday, or at least a new price target, but as they say youneverknow." [Dep. Ex. 57]

Davis then sent the Sidoti analyst's research report on to Kopsky, and he did so by simply forwarding the Kreher email that attached the analyst's report.

7. What the email's author Kreher said in the email, as he has confirmed, was simply that favorable earnings news was a mere *possibility*, and not a *probability*: "[I]t was a potential increase in top line and earnings guidance. [ESSI] ... might be doing it. [ESSI] might not be doing it. It was too early to tell at that time." [Ex. A, Kreher Dep. 198]

8. Kreher has acknowledged that the "potential increase in top line and earnings guidance" was simply speculation on his part. [Kreher Dep. 199-200, Ex. A] Kreher did not know at the time "whether or not the company was going to have any kind of increase in earnings guidance for 2003." [Ex. A, Kreher Dep. 280]

REDACTED

10. Kopsky traded around ESSI's earnings announcement in the first quarter of 2003. He bought about $50,000 worth of ESSI stock – part of it on February 21 and the remainder on February 24. ESSI announced its earnings results on February 25, beating analysts' estimates and raising its 2003 earnings forecast, and Kopsky sold his stock the same day for a profit of under $400. [Complaint ¶25, 27, 28]

11. Kopsky's contacts with ESSI insiders *other than Davis* around his first quarter 2003 purchases included the following:

> (a) On February 19, two days before Kopsky began buying ESSI securities, ESSI Chairman and CEO Michael Shanahan, Sr. phoned Kopsky at 10:46 am. [Ex. E] The chronology ESSI provided to the SEC during its investigation shows that, by this date, two executives reporting directly to Shanahan, Sr. had received preliminary results for the quarter from ESSI's subsidiaries. [Dep. Ex. 72]
>
> (b) On February 20, the day before Kopsky began buying, ESSI director Michael Shanahan, Jr. phoned Kopsky at 10:11 am. [Ex. E] Shanahan, Jr. is the son of ESSI's Chairman and CEO.

REDACTED

(e) On February 21, the day Kopsky began buying, ESSI VP-Investor Relations Daniel Kreher phoned Kopsky at 2:30 pm. [Ex. E] By that date, according to ESSI's chronology, Kreher had already had preliminary consolidated results for two days and had discussed the results and earnings guidance with other top ESSI executives (but not Davis). [Dep. Ex. 72]

(f) On February 25, the day of the earnings announcement, Controller Steven Landmann phoned Kopsky at 11:02 am. [Ex. E]

12. The SEC's contention that Davis had some unspecified draft version of an ESSI earnings release by February 21 is based on a chronology it got from the company two years later. The chronology's author today has no recollection of specific dates or documents consulted. [Complaint ¶26; Ex. A, Kreher Dep. 158-60; Dep. Ex. 72]

13. The chronology itself says that it was only "[s]ometime after February 21, 2003, [that] company senior management established its revised forecast revenues and earnings guidance for the year." [Dep. Ex. 72]

14. On February 21, Davis phoned Kopsky at 9:23 am and spoke to him for six minutes. [Complaint ¶26] Three minutes elapsed between this call and Kopsky's first purchase. Three full days elapsed before Kopsky's next purchase. [Complaint ¶26] The SEC admits that it does not know the exact nature of what Davis said to Kopsky in this February 21 call. [Ex. D, SEC 10/1/07 Admission No. 1] The SEC admits that it does not know the exact nature of the information it claims Kopsky received from Davis before Kopsky bought ESSI stock on February 21 and 24. [Ex. D, SEC 10/1/07 Admission No. 2]

REDACTED

15. Kopsky traded around ESSI's earnings announcement in the second quarter of 2003. He bought about $50,000 worth of ESSI stock on May 27, and also bought $300,000 worth of the stock for his brokerage clients. ESSI announced its earnings results on May 28, beating analysts' estimates and raising its 2003 earnings forecast, and Kopsky sold ESSI stock he had bought for himself and his brokerage clients before the announcement, with personal profits of about $4,000. [Complaint ¶29, 31, 32]

16. Kopsky's contacts with ESSI insiders *other than Davis* around his second quarter 2003 purchases included the following:

>    (a) On May 20, ESSI's Assistant Controller Diane Harsin phoned Kopsky at 9:24 am. [Ex. E] According to ESSI's chronology, Harsin by then had preliminary consolidated results for the quarter. [Dep. Ex. 72]

>    (b) On May 21, ESSI's Chairman Michael Shanahan, Sr. phoned Kopsky from his office at ESSI at 1:23 pm. [Ex. E] According to ESSI's chronology, preliminary consolidated results were discussed with Shanahan, Sr. around this time. [Dep. Ex. 72]

>    (c) On May 22, Michael Shanahan, Jr., ESSI director and son of ESSI's Chairman, exchanged phone calls or messages with Kopsky on no less than *six* occasions – at 10:49 am, 11:08 am, 11:31 am, 2:00 pm, 4:04 pm and 4:13 pm. [Ex. E]

>    (d) On May 22, ESSI Chairman Michael Shanahan, Sr. transmitted an unidentified facsimile from the ESSI offices to Kopsky at 3:07 pm. [Ex. E] As noted, Shanahan, Sr. had preliminary earnings results by this time. [Dep. Ex. 72]

>    (e) On May 28, Kopsky phoned Michael Shanahan, Jr. at 12:58 pm. [Ex. E]

17. The SEC's contention that Davis had some unspecified draft version of an ESSI earnings release by May 23 is based on a chronology it got from the company two years later. The chronology's author today admits that he lacks "any specific recollection with respect to the second quarter." [Complaint ¶30; Ex. A, Kreher Dep. 158-59, 169; Dep. Ex. 72]

18. On May 27, Davis phoned Kopsky at 11:29 am and spoke to him for twelve minutes. [Complaint ¶30] Seventeen minutes elapsed between this call and Kopsky's first purchase. [Complaint ¶31] The SEC admits that it does not know the exact nature of what Davis said to Kopsky in the May 27 call. [Ex. D, SEC 10/1/07 Admission No. 3] The subject of contemporaneous communications between Davis and Kopsky was arrangements for Davis to gift stock to a charity golf tournament to benefit the Saint Patrick's Center. [Ex. I, Davis Dep. 141-53]

19. The SEC admits that it does not know the exact nature of the information it claims Kopsky received from Davis before Kopsky bought ESSI stock on May 27. [Ex. D, SEC 10/1/07 Admission No. 4]

20. Kopsky traded around ESSI's earnings announcement in the third quarter of 2003. He bought about $50,000 worth of ESSI stock options and $27,000 worth of ESSI stock on August 22 and 25, and also bought an additional $1.1 million worth of ESSI securities for his brokerage clients. ESSI announced its third quarter 2003 earnings results on August 26, beating analysts' estimates and raising its 2003 earnings forecast. Kopsky sold the ESSI securities for a personal profit of about $100,000, and a profit for his clients of about $240,000. [Complaint ¶32, 33, 36, 40]

21. On August 20 or 21 – the day before Kopsky's first purchase – his fellow-broker and business partner John Virant obtained and gave Kopsky a just-issued A.G. Edwards research report on ESSI. Virant had been a broker for about 40 years, had built up a substantial investor client base, and had acted as a mentor to Kopsky when he first entered the securities business. [Ex. K, Virant Investigative Dep. 24-28, 84-90; Ex. M, Virant Affidavit, ¶¶ 1, 6-7]

22. The new research report raised A.G. Edwards' price prediction for ESSI stock from $45 to $51, and continued an "aggressive buy" recommendation. The report based its 13% increase in the price prediction on ESSI's "focus on rapid troop deployment, a central theme of the Bush-Rumsfeld DoD [Department of Defense]," as well as on ESSI's "recent acquisitions, Radian and TAMSCO," and "the growth opportunity of homeland security." [Ex. M, Virant Affidavit, Attachment]

23. Virant personally bought a substantial amount ESSI stock for two funds he managed on August 22 and 25 – the very same two days Kopsky bought the stock for himself and clients. Virant made his purchases based on the same research report he gave Kopsky ("I had a report from A.G. Edwards ... and that was the basis of ... why I ... made the trade[s]"). [Ex. K, Virant Investigative Dep. 15, 84-90, 96; Ex. M, Virant Affidavit, ¶¶ 4-5]

24. The SEC took Virant's investigative deposition two years ago, and also received an affidavit from Virant, and thus the SEC has long been aware of Virant's discussions with Kopsky and Virant's parallel ESSI purchases. Yet the SEC has not charged Virant with any wrongdoing. [Ex. K, Virant Investigative Dep. 15, 84-90, 96; Ex. M, Virant Affidavit]

25. Kopsky's contacts with ESSI insiders *other than Davis* around his third quarter 2003 purchases included the following:

> (a) On August 20, ESSI's Assistant Controller Diane Harsin phoned Kopsky at 9:57 am and again at 2:18 pm. [Ex. E] As Assistant Controller, Harsin already had ESSI earnings information by that time (unlike Davis). [Ex. A, Kreher Dep. 185-86] Kopsky invested in ESSI securities two days later.
>
> (b) On August 21, ESSI's Controller Landmann phoned Kopsky at 8:35 am. [Ex. E] As Controller, Landmann already had ESSI earnings information by

9

that time (unlike Davis). [Ex. A, Kreher Dep. 185-86] Kopsky invested in ESSI securities the following morning.

(c) Also on August 21, ESSI's director Michael Shanahan, Jr. (son of ESSI's Chairman) phoned Kopsky at 2:00 pm (also the day before Kopsky began buying). Shanahan, Jr. had also had lunch with Kopsky two days earlier. [Ex. E]

(d) Also on August 21, ESSI's Chief Financial Officer Gerhardt phoned Kopsky at 3:03 pm. [Ex. E] As CFO, Gerhardt already had ESSI earnings information by that time (unlike Davis). [Ex. A, Kreher Dep. 185-86] Kopsky invested in ESSI securities the following morning.

(e) Also on August 21, Kopsky emailed ESSI's Chairman Michael Shanahan, Sr. at his Florida vacation home at 7:17 pm and wrote: "Hope you are enjoying your trip. Shareholders certainly are." [Complaint ¶35] This message reflects the fact that ESSI stock hit a record high that day.

(f) On August 23 at 1:10 pm, Shanahan, Jr. again phoned Kopsky. This call was the day after Kopsky's initial purchases on August 22, and two days before his continuing purchases on August 25. [Ex. E]

26. On August 21, Davis phoned Kopsky at 1:03 pm and spoke to him for 10 minutes, and at 4:54 pm and spoke for 22 minutes. [Complaint ¶34] A day elapsed between the call and Kopsky's first purchase. Four days elapsed between the call and Kopsky's further purchases. [Complaint ¶36] The SEC admits that it does not know the exact nature of what Davis said to Kopsky in either of the August 21 calls. [Ex. D, SEC 10/1/07 Admission Nos. 5 and 6]

27. The subject of contemporaneous communications between Davis and Kopsky was arrangements for an August 26 political fundraiser at which the President would be speaking and which an ESSI director (the President's uncle) was hosting. [Ex. I, Davis Dep., pp. 125-38]

28. On August 21, at 5:09 pm, an email went to Davis and others that apparently contained some earnings information in an unidentified attachment. [Ex. A, Kreher Dep.

173-76] There is doubt as to which document was attached to the email and what information the attachment contained. [Ex. A, Kreher Dep. 177-80]

29. While other ESSI executives (in particular, Harsin, Landmann and Gerhardt) had earnings information by August 19, such earnings information was not accessible to Davis until the August 21, 5:09 pm email. [Ex. A, Kreher Dep. 185-86]

30. While Davis only got the email at 5:09 pm on August 21, the evidence indicates he did not open the email until August 22 when responding to Kreher. [Ex. A, Kreher Dep. 173-76, 185-86] Davis was a "quick responder" to such emails, but in this quarter Davis did not respond until the next day, August 22. This would indicate that Davis did not open the email until the following morning. And Kreher could not recall Davis asking about the earnings numbers before August 22. [Ex. A, Kreher Dep. 175-76] There is no evidence that Davis contacted Kopsky on August 22 before Kopsky's purchase.

31. The SEC admits that it does not know the exact nature of the information it claims Kopsky received from Davis before Kopsky bought ESSI stock on August 22 and 25. [Ex. D, SEC 10/1/07 Admission No. 7]

32. Kopsky traded around ESSI earnings announcements in other quarters. For example, Kopsky traded around ESSI's earnings announcement in the second quarter of 2001. He bought about $540,000 worth of ESSI stock on May 21, the day before the earnings announcement. This $540,000 purchase was ten times the size of Kopsky's 2003 purchases around ESSI earnings announcements. ESSI announced its earnings results on May 22, and Kopsky profitably sold ESSI stock he had bought before the

announcement. [Ex. F, p.18 and Attachment 3] The SEC does not allege that this trading around an ESSI earnings announcement constituted insider trading.

33. Kopsky made other large investments in ESSI. On September 10, 2001, Kopsky invested $157,500 in ESSI by purchasing 5,000 shares. Kopsky sold the stock on September 17, the next day that trading opened after the 9/11 tragedy, at a profit of approximately $45,000. He then bought back 5,000 shares later that same day (an investment in ESSI of over $200,000), and sold them before the close that day for an additional profit of approximately $10,000. On September 19, Kopsky bought 10,000 shares of ESSI for a total investment of $400,000, and sold those shares the next day for a profit of approximately $20,000. [Ex. G, Kopsky Dep. 114-15] The SEC does not allege that any of these large 2001 Kopsky investments in ESSI constituted insider trading.

34. Kopsky also traded around ESSI's earnings announcement in the fourth quarter of 2003. He bought 50 ESSI call options on November 11, another 50 options on December 5, and another 50 options on December 8. ESSI announced its earnings results on December 9 – yet another quarter of record earnings – and later the same day Kopsky sold the 150 ESSI options he had bought before the announcement at a profit of over $100,000. He also bought ESSI securities for his clients around the fourth quarter earnings announcement. [Ex. F, p. 18 and Attachment 3]

35. The SEC has not charged this investment around the fourth quarter earnings announcement as a violation. The SEC speculates that maybe Kopsky changed his trading pattern in the fourth quarter to avoid detection by the NASD. [Complaint ¶41-43; Ex. D, SEC 10/1/07 Admission No. 8]

36. Kopsky's connection with ESSI began as a summer employee during college in the 1980's. He followed the company's performance during his college years and during his work years by, among other things, reading ESSI's annual and quarterly reports.

he visited ESSI facilities around the country, and met with headquarters and subsidiaries management and employees in an effort to further understand the company's business and products. [Ex. G, Kopsky Dep. 48-49]

38. During 2003, Kopsky viewed ESSI as well positioned to profit from escalation in global military activities involving the United States. For this reason, he believed that the company would continue to exceed securities analysts' performance expectations. [Ex. G, Kopsky Dep. 152-53]

39. A former FBI polygrapher with experience working for the U.S. Attorney's Office in this District found Davis truthful on the following points: (i) in forwarding the February 20 email to Kopsky, Davis believed that Kopsky had prior knowledge of the pending TAMSCO acquisition; (ii) otherwise Davis did not believe that the email had material nonpublic information; (iii) Davis never knowingly provided Kopsky with

material nonpublic information; and (iv) Davis did not know that Kopsky was trading ESSI stock in 2003. [Ex. C]

Dated: June 13, 2008

                **CAPES, SOKOL, GOODMAN,**
                **& SARACHAN, P.C.**

        By: /s/ David V. Capes
            DAVID V. CAPES – Fed. #2776
            JEFFREY A. COHEN – Fed. #66834
            7701 Forsyth Boulevard, 12th Floor
            St. Louis, Missouri 63105
            (314) 721-7701 (phone) / (314) 721-0554 (fax)
            Email: cohen@capessokol.com

        Stephen J. Crimmins
        Thomas J. Hershenson
        Michael S. Passaportis
        **MAYER BROWN LLP**
        1909 K Street NW, 12th Floor
        Washington, DC 20006-1101
        (202) 263-3000

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2008, the foregoing was served via U.S. Mail, postage prepaid, on the following counsel:

    Robert M. Moye
    Jeffrey A. Shank
    Securities and Exchange Commission
    175 West Jackson, Suite 900
    Chicago, IL 60604

    Richard B. Walsh, Jr.
    R. Bradley Ziegler
    Lewis, Rice & Fingersh, LC
    500 North Broadway, Ste. 2000
    St. Louis, MO 63102

                /s/ David V. Capes